# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS D. DEBRUIN,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>JOHN AULT, II,<br><br>　　　　　Respondent. | No. C10-1014-LRR<br><br>ORDER |

## I. INTRODUCTION

The matter before the court is the respondent's motion to dismiss (docket no. 7). The respondent filed such motion on August 6, 2010. The petitioner filed a resistance (docket no. 11) on August 19, 2010. The respondent did not file a reply.

## II. APPLICABLE STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, "no matter how skeptical the court may be." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1959 (2009). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). Stated differently, "a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level. . . .'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555); *see also Killingsworth v. HSBC Bank*

*Nev., N.A.*, 507 F.3d 614, 618 (8th Cir. 2007) (examining federal pleading standards). Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2) of the Federal Rules of Civil Procedure]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (quoting *Bell Atl.*, 550 U.S. at 555). And, "[w]here the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

### III. ANALYSIS

#### A. Speedy Trial Claim and Fourth Amendment Claim

Having reviewed the record, which includes but is not limited to the petitioner's application for a writ of habeas corpus and resistance, the court deems it appropriate to dismiss some of the petitioner's claims for the reasons stated in the motion to dismiss. The respondent's brief adequately sets forth the law that is applicable to the facts in the petitioner's case. Specifically, the respondent correctly contends that the speedy trial claim and search and seizure claim must be dismissed. With respect to the speedy trial claim, the petitioner is unable to pursue it because challenging the application of a state statute, that is, Iowa Rule of Criminal Procedure 2.33(2)(b) fails to state a federal claim that is cognizable. *See Carson v. Dir. of the Iowa Dept. of Corr. Servs.*, 150 F.3d 973, 975 (8th Cir. 1998) (concluding that there is no jurisdiction where the claim raises a question of state law); *see also* 28 U.S.C. § 2254(a) (making clear that jurisdiction is limited to a person who "is in custody in violation of the Constitution or laws or treaties of the United

States"); 28 U.S.C. § 2254(d)(1) (providing relief only where the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"). Similarly, the petitioner's Fourth Amendment search and seizure claim is not cognizable. Because the petitioner does not attempt to show that Iowa provided no procedure by which he could raise his Fourth Amendment claim or that he was foreclosed from using that procedure because of an unconscionable breakdown in the system, any substantive Fourth Amendment claim that is asserted by the petitioner is barred by *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). *See Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997).

### B. *Remaining Claims*

Concerning the petitioner's remaining claims, the court concludes that dismissal on exhaustion grounds is not appropriate at this time. A petitioner, before obtaining federal habeas corpus review of his or her state confinement, must first "exhaust" his or her federal claims in the appropriate state forum. 28 U.S.C. § 2254(b)(1).[1] A petitioner has exhausted his or her state remedies when he or she has provided the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 88 L. Ed. 2d 598 (1986); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982);

---

[1] Title 28, United States Code, section 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State, or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

*Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991); *see also* 28 U.S.C. § 2254(c).[2] In Iowa, exhaustion requires a petitioner to seek discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals rejects an appellate argument. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (concluding that the exhaustion doctrine requires a petitioner to seek discretionary review when that review is part of the ordinary appellate review procedure) (abrogating *Dolny v. Erickson*, 32 F.3d 381 (8th Cir. 1994)); *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (reiterating that a petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim"); *Welch v. Lund*, 616 F.3d 756, 758-59 (8th Cir. 2010) (concluding that "an Iowa prisoner whose appeal is deflected to the Iowa Court of Appeals must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in the state courts").

The fair presentment component of the exhaustion requirement compels a petitioner to affirmatively:

> refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.

*Ashker*, 5 F.3d at 1179 (quotations and citations omitted); *accord Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980). A claim is not fairly presented to the state courts unless

---

[2] Title 28, United States Code, section 2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

4

the same factual grounds and legal theories asserted in the prisoner's federal habeas corpus application have been properly raised in the prisoner's state court proceedings. *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir. 1995); *Flieger v. Delo*, 16 F.3d 878, 884 (8th Cir. 1994); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992) (full and fair presentment of claims to the state court requires "full factual development" of the claims in that forum); *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.").

"The purpose of the fair presentation component of the exhaustion requirement is to give state courts the first opportunity to review federal constitutional issues and to correct federal errors made by the state's trial courts." *Laws v. Armontrout*, 834 F.2d 1401, 1412 (8th Cir. 1987); *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (same). A "petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of the opportunity to address those claims in the first instance." *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

The failure to exhaust a claim in state court sometimes implicates the independent and adequate state ground doctrine. *See Gray v. Netherland*, 518 U.S. 152, 161, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Coleman*, 501 U.S. at 732. Specifically, the Supreme Court explained:

> 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the [petitioner] has exhausted the remedies available in the courts of the State." Because "this requirement . . . refers only to remedies available at the time of the federal [application for a writ of habeas corpus]," *Engle v. Isaac*, 456 U.S. 107, 126, n.28, [102 S. Ct. 1558, 71 L. Ed. 2d 783] (1982), it is satisfied "if it is clear that [the petitioner's] claims are now procedurally barred under [state] law," *Castille v. Peoples*, 489 U.S. 346, 351, [109 S. Ct.

5

> 1056, 103 L. Ed. 2d 380] (1989). However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence[ and, thus,] prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default. *Teague v. Lane*, [489 U.S. 288, 298, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)]; *Isaac*, [456 U.S.] at 126, n.28, 129; *Wainwright v. Sykes*, 433 U.S. 72, 90-91, [97 S. Ct. 2497, 53 L. Ed. 2d 594] (1977).

*Gray*, 518 U.S. at 161-62. Apart from showing good cause for his or her failure to present the claims in state court and actual prejudice as a result of the alleged constitutional violation, a petitioner may have a procedurally defaulted claim reviewed if he or she can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002); *Hatcher v. Hopkins*, 256 F.3d 761, 763 (8th Cir. 2001); *Keithley*, 43 F.3d at 1218; *Maynard v. Lockhart*, 981 F.2d 981, 984 (8th Cir. 1992); *Buckley v. Lockhart*, 892 F.2d 715, 718 (8th Cir. 1989).

Here, the petitioner is attempting to challenge his conviction for murder in the first degree, in violation of Iowa Code sections 707.1 and 707.2, and conviction for theft in the first degree, in violation of Iowa Code sections 714.1 and 714.2. *See State v. DeBruin*, 2006 Iowa App. LEXIS 1276 (Iowa Ct. App. 2006); *State v. DeBruin*, No. FECR010100 (Jackson County Dist. Ct. 2005); *see also DeBruin v. State*, 2010 Iowa App. LEXIS 29 (Iowa Ct. App. 2010); *DeBruin v. State*, No. PCCV026136 (Jackson County Dist. Ct. 2008).[3] On direct appeal and when seeking post-conviction relief, the petitioner filed an application for further review. With respect to his application for post-conviction relief, the record establishes that the petitioner appealed several claims and sought further review

---

[3] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

on select claims after the Iowa Court of Appeals affirmed the Iowa District Court for Jackson County on January 22, 2010. Acting on the petitioner's behalf, appellate counsel asked the Iowa Supreme Court to review the claim that the petitioner was not sufficiently questioned when he chose to proceed without counsel in his post-conviction relief action; he challenged the Iowa Court of Appeals' conclusion that the petitioner did not have a right to the appointment of post-conviction relief counsel. In addition, appellate counsel stated the following:

> [The petitioner] has asked me to draw attention to all of the issues [that] he raised in his pro se brief, and in particular to pages 35 to 49. [. . . I] respectfully request[ that the petitioner's] prior arguments be incorporated by reference in the absence of a means for him to preserve the issues by means of his own pro se application.

On March 16, 2010, the Iowa Supreme Court denied the petitioner's application for further review.

Given the record, the court finds that the petitioner adequately presented the claims that he raised in his April 10, 2009 pro se brief to the state courts as he is required to do if he seeks habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Carmichael v. White*, 163 F.3d 1044, 1045-46 (8th Cir. 1998). Additionally, the court notes that the petitioner raised a sufficiency of the evidence argument on direct appeal and filed an application for further review. To the extent that the petitioner's application for a writ of habeas corpus can be construed to allege a sufficiency of the evidence argument and he sought further review on that question, the court finds that the respondent did not adequately address this claim in his motion to dismiss. So, at a minimum, the petitioner did exhaust some of the claims that he raises in his application for a writ of habeas corpus and dismissal of the entire action is inappropriate.

In accordance with the standards set forth in 28 U.S.C. § 2254 and established by the Supreme Court, the court believes that it is appropriate for the parties to brief all of the remaining claims. In their briefs, the parties must cite to relevant portions of the

7

appendix. Further, the parties should address: (1) whether the highest state court had a full and fair opportunity to consider each claim, (2) whether the petitioner's claims are now procedurally barred under state law and (3) whether the petitioner can demonstrate cause and prejudice for any procedurally defaulted claim. Any exhaustion analysis must comport with the law that pertains to 28 U.S.C. § 2254(b). Notwithstanding any failure of the petitioner to exhaust the remedies that were available to him, the parties should address the merits of the remaining claims. When addressing the merits of the claims, the parties should consider whether the court is bound to apply the highly deferential standard set forth in 28 U.S.C. § 2254(d) or whether the court is required to conduct a de novo review because the petitioner's claims were not adjudicated on the merits. *See e.g., Pfau v. Ault*, 409 F.3d 933, 938-39 (8th Cir. 2005). Additionally, the parties should keep in mind that state court factual determinations are presumed to be correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## IV. CONCLUSION

Consistent with the foregoing, the respondent's motion to dismiss (docket no. 7) is granted in part and denied in part. The petitioner's speedy trial claim and substantive Fourth Amendment claim are dismissed. Nothing the court stated in the instant order prevents the respondent from raising previous arguments. For example, the respondent may reassert in his brief that a claim is barred by a failure to exhaust state remedies, a claim is not able to be reviewed because of a procedural bar or a claim does not warrant relief because the court is limited to deciding whether a conviction violated the Constitution or laws of the United States.

The court establishes the following schedule for submission of the remaining claims on the merits:

1. The respondent is directed to file by no later than March 14, 2011 an appendix consisting of all relevant documents that are part of the underlying action(s) relating to the conviction or the

sentence. The appendix must be consecutively paginated and contain a table of contents.[4]
2. The petitioner is directed to file by no later than April 14, 2011 a brief that meets the requirements that the court set forth above.
3. The respondent is directed to file by no later than May 13, 2011 a response brief that meets the requirements that the court set forth above.
4. The petitioner shall file a reply brief, if any, by May 27, 2011.

**IT IS SO ORDERED**.

**DATED** this 1st day of March, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[4] The court notes that the appendix must include relevant documents that relate to the petitioner's direct appeal.