# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS D. DEBRUIN,       Petitioner, vs. JOHN AULT, II,       Respondent. | No. 10-CV-1014-LRR  ORDER |

    This matter appears before the court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket no. 1).  On May 10, 2010, the petitioner filed an application for a writ of habeas corpus.  On August 6, 2010, the respondent filed a "Motion to Dismiss" (docket no. 7), seeking to dismiss "all claims and issues raised in the Petition."  Motion to Dismiss at 1.  On March 1, 2011, the court entered an Order (docket no. 13) dismissing two of the petitioner's claims and directing the respondent to file an appendix and the parties to brief all of the remaining claims.  On March 11, 2011, the respondent filed an appendix.[1]  *See* (docket nos. 15-16).  On April 14, 2011, the petitioner filed a brief (docket no. 19).  On May 5, 2011, the respondent filed a responsive brief (docket no. 20).  On May 13, 2011, the petitioner filed a reply brief (docket no. 21).  The court now turns to consider the petitioner's application for a writ of habeas corpus.

    Although the petitioner does not request an evidentiary hearing on this matter, the court will first consider whether an evidentiary hearing is warranted.  The relevant statute, 28 U.S.C. § 2254(e), provides:

---

[1] Prior to filing the Appendix, the respondent submitted relevant state court documents.  Because they are part of the record, the court will rely on them to the extent that they are needed to resolve the petitioner's claims.

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>> (A) the claim relies on—
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* § 2254(e)(2). Due to the limits set forth in 28 U.S.C. § 2254(e)(2), the court concludes that an evidentiary hearing is not warranted. *See Smith v. Bowersox*, 311 F.3d 915, 921 (8th Cir. 2002) (discussing constraints on district court's discretion to hold an evidentiary hearing); *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002) (discussing standard for conducting an evidentiary hearing under 28 U.S.C. § 2254(e)(2)); *Kinder v. Bowersox*, 272 F.3d 532, 542 (8th Cir. 2001) (finding it was proper for district court not to hold an evidentiary hearing because the petitioner did not meet the requirements of 28 U.S.C. § 2254(e)(2)); *Parker v. Kemna*, 260 F.3d 852, 854 (8th Cir. 2001) (same); *Hatcher v. Hopkins*, 256 F.3d 761, 764 (8th Cir. 2001) (same); *cf. Johnston v. Luebbers*, 288 F.3d 1048, 1058-60 (8th Cir. 2002) (assuming that 28 U.S.C. § 2254(e)(2) did not bar the district court from granting an evidentiary hearing and denying the petitioner an evidentiary hearing because such a hearing would not assist in the resolution of his claim).

With respect to petitioner's claims, the court deems it appropriate to deny the application for a writ of habeas corpus for the reasons stated in the respondent's responsive brief. Specifically, the respondent correctly points out that, although the petitioner did

exhaust a sufficiency of the evidence claim in state court, the petitioner did not explicitly raise a sufficiency of the evidence claim in his application for a writ of habeas corpus. *See Frey v. Schuetzle*, 78 F.3d 359, 360-61 (8th Cir. 1996) ("District courts must be careful to adjudicate only those claims upon which the habeas petitioner seeks relief and take care not to decide claims upon which the petitioner never intended to seek relief."). Furthermore, the respondent correctly concludes that the petitioner's sufficiency of the evidence claim fails because the Iowa courts' adjudication of the matter did not "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, the petitioner's challenge to the sufficiency of the evidence to support his state court conviction is without merit because, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Neal v. Acevedo*, 114 F.3d 803, 807 (8th Cir. 1997) (internal quotation mark omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The respondent also correctly asserts that the petitioner is not entitled to habeas relief for ineffective assistance of counsel because such a claim is procedurally barred and/or without merit, and the court concludes that the Iowa courts' analysis of the petitioner's ineffective assistance of counsel claim is not an objectively unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Christian v. Dingle*, 577 F.3d 907, 911 (8th Cir. 2009) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Newman v. Hopkins*, 247 F.3d 848, 850-52 (8th Cir. 2001) (discussing effect of *Williams v. Taylor*, 529 U.S. 362 (2000)). Additionally, after reviewing the record de novo, *see Rompilla v. Beard*, 545 U.S. 374 (2005), the court concludes that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the petitioner's defense, *id.* at 692-94. Considering all of the circumstances and

refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that no violation of the petitioner's constitutional right to counsel occurred.

The respondent also correctly argues that the petitioner is not entitled to habeas relief on his due process claims. The petitioner maintains that the Iowa Court of Appeals addressed his claim on direct appeal that he was denied access to the courts and, therefore, the court should review the claim under 28 U.S.C. § 2254(d). The petitioner argues that the remaining due process claims that he asserted in his application for postconviction relief were not adjudicated on the merits and should be reviewed by this court de novo. However, the court disagrees. First, the petitioner failed to raise his access to the courts claim in his application for further review on direct appeal and, consequently, his claim is procedurally defaulted. *See* App'x at 1429-59; *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (noting that a petitioner's failure to seek discretionary review constitutes a failure to exhaust remedies and, therefore, constitutes a procedural default of the petitioner's habeas claims).

Second, the Iowa Court of Appeals addressed the due process claims that the petitioner raised in his appeal from the district court's denial of his application for postconviction relief. The Iowa Court of Appeals affirmed the district court's grant of the state's motion for summary disposition on the petitioner's due process claims and held that the petitioner's remaining pro se claims were either not preserved for review, subsumed in the issues raised by his counsel or otherwise without merit. *See DeBruin v. State*, No. 08-1993, 779 N.W.2d 494, at *2 (Iowa Ct. App. Jan. 22, 2010) (Table); *see also Harrington v. Richter*, ___ U.S. ___, ___, 131 S. Ct. 770, 785 (2011) ("[28 U.S.C. § 2254(d)] does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"). Furthermore, the respondent correctly argues that the petitioner failed to properly raise his due process claims in his application for further review in the postconviction action. Thus, the court finds that the due process

claims that the petitioner raises in his application for a writ of habeas corpus are either procedurally defaulted or subject to discretionary review under 28 U.S.C. § 2254(d)(1). To the extent that the petitioner has preserved his due process claims, the court finds that the Iowa courts' adjudication of the petitioner's due process claims neither resulted in a decision contrary to clearly established federal law nor involved an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Furthermore, as the respondent correctly states in its responsive brief, the petitioner's due process claims are without merit. The court has thoroughly reviewed the record and finds that habeas relief is not available because no violation of petitioner's constitutional rights occurred. Accordingly, the petitioner's application for a writ of habeas corpus shall be denied.

"In a habeas corpus proceeding . . . before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . ." *Id.* § 2253(c)(1). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Federal Rule of Criminal Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if a petitioner "has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 522. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds.

"'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [petitioner must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the petitioner failed to make the requisite "substantial showing" with respect to the claims that he raised in his application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).  Because there is no debatable question as to the resolution of this case, an appeal is not warranted.  Accordingly, the court shall not issue a certificate of appealability pursuant to 28 U.S.C. § 2253.

If the petitioner desires further review of his claims, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

(1) The petitioner's application for a writ of habeas corpus (docket no. 1) is denied.

(2) A certificate of appealability is denied.

**DATED** this 14th day of February, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA